# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| KIM GILL | § | |
| --- | --- | --- |
| | § | |
| | § | |
| v. | § | CASE NO. 4:14-CV-781 |
| | § | Judge Mazzant |
| STATE FARM LLOYDS | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant State Farm Lloyds' Motion to Exclude Expert Witness Steven Richardson (Dkt. #22). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

The present case concerns an insurance claim brought by Plaintiff Kim Gill in connection with a wind and hail storm that allegedly caused damage to his residence on May 15, 2013 (Dkt. #22 at p. 1). On October 24, 2014, Plaintiff filed his original complaint in the 401st District Court of Collin County, Texas (Dkt. #2). On December 1, 2014, the case was removed to this Court based upon diversity jurisdiction (Dkt. #1).

On June 23, 2015, Plaintiff designated his testifying expert witnesses, which included Steven Richardson ("Richardson") (Dkt. #22 at p. 1; Dkt. #22-3). On July 28, 2015, Richardson was deposed by Defendant (Dkt. #22 at pp. 1-2).

On August 5, 2015, Defendant State Farm Lloyds filed its Motion to Exclude Expert Witness Steven Richardson (Dkt. #22). On August 24, 2015, Plaintiff filed his response (Dkt. #23). On August 31, 2015, Defendant filed its reply (Dkt. #25). On September 9, 2015, Plaintiff filed his sur-reply (Dkt. #27).

1

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. FED. R. EVID. 702. In *Daubert v. Merrell Dow Pharm., Inc.*, the Supreme Court instructed courts to function as gatekeepers, and determine whether expert testimony should be presented to the jury. 509 U.S. 579, 590-93 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590-91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." FED. R. EVID. 702. Moreover, in order to be admissible, expert testimony must be "not only relevant but reliable." *Daubert*, 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the court should consider numerous factors. *See Daubert*, 509 U.S. at 594. In *Daubert*, the Supreme Court offered the following, non-exclusive list of factors that courts may use when evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or

technique is generally accepted in the relevant scientific community. *Id.* at 593-94; *Pipitone*, 288 F.3d at 244. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert*, 509 U.S. at 595.

The *Daubert* factors are not "a definitive checklist or test." *Daubert*, 509 U.S. at 593. As the Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594. The test for determining reliability can adapt to the particular circumstances underlying the testimony at issue. *See Kuhmo*, 526 U.S. at 152. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Exploration & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citations omitted).

## ANALYSIS

Defendant asserts that Richardson's report and testimony should be stricken because he is unqualified to render an expert opinion, and his opinion is unreliable (*See* Dkt. #22 at p. 2). Plaintiff contends that Richardson's opinion is admissible because he is qualified as an expert based upon his experience within the construction industry (Dkt. #23 at p. 5). Additionally, his opinion is reliable because he "provided a statement of the basis of his evaluation[.]" (Dkt. #23 at p. 2).

Rule 702 requires that an expert witness be qualified. "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *United States v. Cooks*, 589 F.3d 173, 179 (5th Cir. 2009); *see Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999)). However, Rule 702 does not demand that an expert be highly qualified in order to testify, and "[d]ifferences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact[.]" *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009).

Rule 702 also requires that expert testimony be relevant. "Relevance depends upon 'whether [the expert's] reasoning or methodology properly can be applied to the facts in issue.'" *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007) (quoting *Daubert*, 509 U.S. at 593). The Fifth Circuit has stated that testimony is relevant when it "assist[s] the trier of fact to understand the evidence or to determine a fact in issue." *Pipitone*, 288 F.3d at 245 (quoting *Daubert*, 509 U.S. at 591).

Finally, Rule 702 requires that expert testimony be reliable. "Reliability is determined by assessing 'whether the reasoning or methodology underlying the testimony is scientifically valid.'" *Knight*, 482 F.3d at 352 (quoting *Daubert*, 509 U.S. at 592-93). When determining reliability, "[t]he court focuses on the expert's methodology, not the conclusions generated by it." *Orthoflex, Inc. v. ThermoTek, Inc.*, 986 F. Supp. 2d 776, 783 (N.D. Tex. 2013) (citing *Nunn v. State Farm Mut. Auto Ins. Co.*, No. 3:08-CV-1486-D, 2010 WL 2540754, at *4 (N.D. Tex. June 22, 2010)). "If, however, 'there is simply too great an analytical gap between the [basis for the expert opinion] and the opinion proffered,' the court may exclude the testimony as unreliable." *Orthoflex*, 986 F. Supp. 2d at 783 (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)); *see also Johnson v. Arkema, Inc.*, 685 F.3d 452, 460-61 (5th Cir. 2012); *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 278-79 (5th Cir. 1998).

After reviewing the relevant pleadings, the Court finds that Richardson is qualified to testify as an expert. Defendant asserts that "Richardson testified he had never installed or supervised the installation of a 'Da Vinci Ballaforte' roof[,]" and he did not "actually climb on [Plaintiff's] roof and inspect it personally." (Dkt. #25 at p. 2). Defendant argues that Richardson is unqualified to offer an expert opinion because he "testified the only thing that made him qualified to testify as an expert concerning [Plaintiff's] roof [was] reviewing literature." (Dkt.

4

#25 at p. 2). "A lack of personal experience [] should not ordinarily disqualify an expert, so long as the expert is qualified based on some other factor provided in Rule 702." *United States v. Wen Chyu Liu*, 716 F.3d 159, 168 (5th Cir. 2013). For example, in *Dixon v. International Harvester Co.*, the Fifth Circuit held that an expert did not lack the qualifications to testify about the design of a crawler tractor, based on his review of blueprints and photographs, despite a lack of prior experience approving crawler tractor designs. 754 F.2d 573, 579-80 (5th Cir. 1985). Likewise in the present case, Richardson has reviewed pertinent materials and photographs, and can express his opinions regarding the damage to Plaintiff's roof based upon his experience within the construction industry.

"A lack of specialization should generally go to the weight of the evidence rather than its admissibility and '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Wen Chyu Liu*, 716 F.3d at 168 (quoting *Daubert*, 509 U.S.at 596). Defendant's arguments go to the weight to be given Richardson's testimony, rather than his qualifications. These are considerations that should be determined by the trier of fact. The Court finds that Richardson is qualified to render an opinion, and therefore, his report and testimony is admissible.

Defendant also argues that Richardson's opinion should be stricken because it is unreliable. Plaintiff alleges that Richardson's report is reliable because it is includes the basis for his findings, which includes: "his inspection of the property, his experience in the construction industry, his review of synthetic roofing slate manufacturer specifications, his review of Xactimate estimating software, and material cost quotes he requested from local roofing material provider." (Dkt. #23 at p. 2). The Court's gate-keeping function under *Daubert* is not intended

to replace the adversarial system and the jury's responsibility to evaluate and weigh the evidence presented by each party's experts. *See Daubert*, 509 U.S. at 596; *see also United States v. 14.38 Acres of Land Situated in Leflore Cty, Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (The trial court must act "with proper deference to the jury's role as the arbiter of disputes between conflicting opinions. As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration."). The Court finds that Richardson's opinion is reliable, and therefore, is admissible.

Defendant also asserts that the Court should strike Richardson's testimony as he failed to comply with Federal Rule of Civil Procedure 26. Specifically, Defendant asserts that Richardson did not bring all of the materials he used or reviewed in preparing for his deposition as was required by the subpoena he received (Dkt. #25 at p. 3).

"Rule 26(a) sets out specific information that must be disclosed initially at, or within fourteen days after, the parties' Rule 26(f) conference to the opposing party unless it is exempted under Rule 26(a)(1)(B)." *Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747, 752 (S.D. Tex. 2014).

> For an expert witness whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

*Id.* Federal Rule of Civil Procedure 37(c)(1) provides, "If a party fails to provide information to identify a witness required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Fifth Circuit has stated that in determining whether a
6

violation of Rule 26 was harmless, the court should look to four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

The Court finds that although Richardson should have provided Defendant with a copy of his file pursuant to the subpoena duces tecum he received, his failure to provide a copy of his file was harmless error. During his deposition, Richardson stated that he was not aware that he needed to bring the documents with him to the deposition (Dkt. #25-1 at p. 46, lines 2-3). Additionally, Richardson stated that he could produce the documents to Defendant (Dkt. #25-1 at p. 46, line 3). Plaintiff asserts that Defendant is not harmed because "[a]ll of the materials relevant to Richardson's testimony were known by Defendant to be in Defendant's possession at least a month prior to Richardson's deposition." (Dkt. #27 at p. 3). Additionally, Rule 26 requires supplementing expert disclosures if there are additions or changes to "information included in the [expert] report and to information given in the expert's deposition." FED. R. CIV. P. 26(e)(2). The Court finds that Richardson's failure to produce his file at the deposition was harmless error. However, Plaintiff should produce Richardson's complete file, including the materials that he relied on when preparing for his deposition, as required by Rule 26(a).

## CONCLUSION

It is therefore **ORDERED** that Defendant State Farm Lloyds Motion to Exclude Expert Witness Steven Richardson (Dkt. #22) is hereby **DENIED**.

**SIGNED this 23rd day of November, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE