# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| KIM GILL | § | |
| --- | --- | --- |
| | § | |
| | § | |
| v. | § | CASE NO. 4:14-CV-781 |
| | § | Judge Mazzant |
| STATE FARM LLOYDS | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant State Farm Lloyds' Motion for Summary Judgment (Dkt. #33). After reviewing the relevant pleadings, the Court finds that the motion should be granted in part and denied in part.

## BACKGROUND

The present case concerns an insurance claim brought by Plaintiff Kim Gill in connection with a wind and hail storm that allegedly caused damage to his residence on May 15, 2013 (Dkt. #33 at p. 2).

On February 26, 2014, David Rodriguez ("Rodriguez"), an independent adjuster assigned by Defendant State Farm Lloyds ("State Farm") to Plaintiff's claim, inspected Plaintiff's home (Dkt. #47 at p. 3). He also met with Plaintiff and Plaintiff's contractors, Brad Sherf and Jeremy Hodo from All Pro Construction ("All Pro") (Dkt. #47 at p. 3). Additionally, All Pro provided Rodriguez with an estimate of $273,392.45, to repair the property damage of Plaintiff's residence (Dkt. #47 at p. 3). Rodriguez received and reviewed the All Pro estimate (Dkt. #47, Exhibit B at 55:18-24). After conducting its investigation of the insurance claim, which included several inspections of the insured dwelling, State Farm made four separate payments to Plaintiff (Dkt. #33 at p. 2). These payments were: (1) a payment of $69,418.49 made on March 13, 2014; (2) a

payment of $1,460.45 made on May 8, 2014; (3) a payment of $11,935.24 made on September 8, 2014; and (4) a payment of $14,691.00 made on December 15, 2014 (Dkt. #33 at p. 2).

On October 24, 2014, Plaintiff filed his original complaint in the 401st District Court of Collin County, Texas (Dkt. #2). On December 1, 2014, the case was removed to this Court based upon diversity jurisdiction (Dkt. #1). On January 5, 2015, Plaintiff filed his First Amended Complaint, which contained allegations of (1) breach of contract; (2) Unfair Settlement Practices under the Texas Insurance Code; (3) Prompt Payment of Claims under the Texas Insurance Code; and (4) breach of the common law duty of good faith and fair dealing (*See* Dkt. #7 at ¶¶ 25-37).

On October 14, 2015, State Farm filed its Motion for Summary Judgment (Dkt. #33). On November 24, 2015, Plaintiff filed his response (Dkt. #47). On December 8, 2015, State Farm filed its reply (Dkt. #49). On December 18, 2015, Plaintiff filed his sur-reply (Dkt. #50).

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor…unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

ANALYSIS

Defendant moves for partial summary judgment on Plaintiff's Texas Insurance Code Unfair Settlement Practices claims and his breach of the common law duty of good faith and fair dealing claim (*See* Dkt. #33).[1]

*Breach of Common Law Duty of Good Faith and Fair Dealing*

Defendant alleges that Plaintiff's breach of the common law duty of good faith and fair dealing should be dismissed. Specifically, Defendant asserts that Plaintiff's claim was paid, and the dispute in this case is whether a sufficient payment was made to Plaintiff. Plaintiff argues that "there is evidence that Defendant conducted an outcome oriented investigation by not conducting an adequate investigation and [ignored] evidence brought to its attention by the policyholder during its investigation that would have led to additional coverage (Dkt. #47 at p. 5).

"Under Texas law, there is a duty on the part of the insurer to deal fairly and in good faith with an insured in the processing of claims." *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997) (citing *Arnold v. Nat'l Cty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)); *Viles v. Security Nat'l Ins. Co.*, 788 S.W.2d 566, 567 (Tex. 1990). "A cause of action for breach of the duty of good faith and fair dealing exists when the insurer has no reasonable basis for denying or delaying payment of a claim or when the insurer fails to determine or delays in determining whether there is any reasonable basis for denial." *Higginbotham*, 103 F.3d at 459 (citing *Arnold*, 725 S.W.2d at 167) (emphasis omitted);

---

[1] Defendant originally moved for summary judgment on Plaintiff's claim under the Texas Insurance Code's Prompt Payment of Claim statute (Dkt. #33 at p. 14). However in its reply, Defendant withdrew that request (Dkt. #49 at p. 8) (Stating, "[u]pon further review, as State Farm has not moved for summary judgment on Plaintiff's breach of contract claim, State Farm is withdrawing its summary judgment request regarding the prompt payment of claims cause of action."). Therefore, Plaintiff's claims under the Prompt Payment of Claims statute will remain in the present case for determination by the trier of fact at trial.

*Universal Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50-51 (Tex. 1997) (quoting *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 18 (Tex. 1994)); *Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 283 (Tex. 1994).

"The key inquiry in a bad faith claim is the reasonableness of the insurer's conduct." *Douglas v. State Farm Lloyds*, 37 F. Supp. 2d 532, 536 (S.D. Tex. 1999); *see Giles*, 950 S.W.2d at 49; *Moriel*, 879 S.W.2d at 17-18; *Lyons v. Millers Cas. Ins. Co. of Texas*, 866 S.W.2d 597, 601 (Tex. 1993). "A bona fide controversy is sufficient reason for failure of an insurer to make a prompt payment of a loss claim." *Higginbotham*, 103 F.3d at 459; *see Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 194 (Tex. 1998). "As long as the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith." *Higginbotham*, 103 F.3d at 459 (citing *Lyons*, 866 S.W.2d at 600); *see Castaneda*, 988 S.W.2d at 194. The Texas Supreme Court has stated that an insurer breaches the good faith and fair dealing standard "if the insurer knew or should have known that it was reasonably clear that the claim was covered." *Giles*, 950 S.W.2d at 50-51; *see Castaneda*, 988 S.W.2d at 194; *United States Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 268 (Tex. 1997); *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997).

Therefore, "[e]vidence that merely shows a bona fide dispute about the insurer's liability on the contract does not rise to the level of bad faith." *Lee v. Catlin Specialty Ins. Co.*, 766 F. Supp. 2d 812, 818 (S.D. Tex. 2011) (quoting *Moriel*, 879 S.W.2d at 17. "On the other hand, denying a claim solely in reliance on an expert's report does not shield the insurer from bad faith liability, 'if there is evidence that the report was not objectively prepared or the insurer's reliance on the report was unreasonable.'" *Id.* (quoting *Nicolau*, 951 S.W.2d at 448). In determining whether a reasonable basis existed for denying a claim, the facts available to the insurer at the

5

time of denial are considered. *Kondos v. Allstate Tex. Lloyds*, No. 1:03-CV-1440, 2005 WL 1004720, at *10 (E.D. Tex. Apr. 25, 2005).

Defendant asserts that the present case is not the type of extraordinary circumstance that would "turn the dispute into a valid cause of action for bad faith." (Dkt. #49 at pp. 1-2). Specifically, Defendants argue that (1) it is not unusual for the estimate of the claim adjuster to vary with the estimate of a roofing contractor or other party hired by the homeowner; (2) the Court has previously found that an expert may testify when they have not walked on the roof[2]; and (3) Rodriguez testified that he did not act in bad faith (Dkt. #49 at pp. 1-4). Plaintiff asserts that "Defendant's inadequate investigation led to [the] denial of a substantial part of the coverage Plaintiff sought through the Xactimate estimate he provide Defendant through All Pro Construction." (Dkt. #47 at p. 8).

The summary judgment evidence presented demonstrates that Rodriguez investigated Plaintiff's claim from the ground and from a ladder at the eave of the house (Dkt. #47, Exhibit B at 76:15-24). Rodriguez did not get onto the roof because he did not believe it was necessary (Dkt. #47, Exhibit B at 77:3-22). Plaintiff submitted an itemized Xactimate estimate to Defendant through All Pro Construction, which listed each of the components of the damages roof, and the cost required to address the damage (Dkt. #50 at p. 2; Dkt. #47, Exhibit G). One of the components included were the copper panels (Dkt. #47, Exhibit G). Rodriguez received and reviewed All Pro's itemized Xactimate estimate (*See* Dkt. #47, Exhibit B). However, Rodriguez did nothing to confirm that the copper panels were or were not damaged (Dkt. #47, Exhibit B at

---

[2] Defendant seems to assert that the Court has made a credibility determination as to "a person who never climbed on Plaintiff's roof nor inspected it personally…" (Dkt. #49 at p. 2). The Court's Order that Defendant refers to was regarding Defendant's Motion to Strike Plaintiff's Expert Witness (Dkt. #44). The Court found that Plaintiff's expert was qualified to be designated as an expert witness under Federal Rule of Evidence 702, but stated, "Defendant's arguments go to the weight to be given Richardson's testimony, rather than his qualifications. These are considerations that should be determined by the trier of fact." (Dkt. #44 at p. 5). Therefore, the Court did not make a credibility analysis as to the weight of the expert's testimony as that determination should be left to the trier of fact.

81:10-19). Defendant then assigned the claim to Gallegos, who did nothing to confirm that the requested coverage was properly denied by Rodriguez (Dkt. #47, Exhibit D at 10:21-25, 25:10-13, 36:16-19). After a careful review of the record and the arguments presented, the Court is not convinced that Defendant has met its burden demonstrating that there is no material issue of fact entitling it to judgment as a matter of law. Therefore, Plaintiff's allegation of breach under the common law duty of good faith and fair dealing should proceed to trial.

*Texas Insurance Code—Unfair Settlement Practices*

In addition to Plaintiff's claim under breach of the common law duty of good faith and fair dealing, Plaintiff has also asserted bad faith claims under the Texas Insurance Code (Dkt. #7 at ¶¶ 27-30, 35). Plaintiff also seeks exemplary damages and treble damages for statutory violations of the Texas Insurance Code (*See* Dkt. #7 at ¶ 35). Plaintiff alleges that State Farm engaged in bad faith and violated the Texas Insurance Code by denying his claim for coverage under the policy without a reasonable basis.

Defendant asserts that it is entitled to summary judgment on Plaintiff's extra-contractual causes of action because Plaintiff sustained no damages by the actions of State Farm in connection with the handling of the insurance claim (Dkt. #33 at p. 13). Plaintiff alleges that it is entitled to damages as "[a] substantial portion of Plaintiff's claimed damage submitted to Defendant through the All Pro Construction estimate was unpaid." (Dkt. #47 at p. 13).

The Texas Insurance Code codified the duty of good faith and fair dealing into Section 541.060(a), which states in pertinent part:

> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
> (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

> (2) failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of:
> > (A) a claim with respect to which the insurer's liability has become reasonably clear[…]
> (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
> (7) refusing to pay a claim without conducting reasonable investigation with respect to the claim.

TEX. INS. CODE § 541.060(a). "An insurer's liability under an insurance contract is separate and distinct from its liability for breach of the duty of good faith and fair dealing." *Douglas*, 37 F. Supp. 2d at 536; *see Lyons*, 866 S.W.2d at 600; *Viles*, 788 S.W.2d at 567. Additionally, Texas Insurance Code §541.151(1) states, in relevant part:

> A person who sustains actual damages may bring an action against another person for those damages caused by the other person engaging in an act or practice:
> > (1) defined by Subchapter B to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance[.]

TEX. INS. CODE § 541.151(1). "To maintain a claim for an insurer's violation of this statute, a party must establish: (a) the insurer committed one or more of the acts prohibited by Chapter 541, and (b) these acts resulted in actual damages to the insured independent of the underlying contract claim." *Hulcher Serv. Inc. v. Great Am. Ins. Co.*, No. 4:14-cv-231, 2015 WL 3921903, at *11 (E.D. Tex. June 25, 2015); *see, e.g., Parkans Int'l LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002) (holding that "[t]here can be no recovery for extra-contractual damages for mishandling claims unless the complained of actions or omissions caused injury independent of those that would have resulted from wrongful denial of policy benefits."); *contra Vail v. Tex. Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 136 (Tex. 1998) (damages for unfair claims settlement practices under the Texas Insurance Code are measured by the amount of the wrongfully withheld policy benefits.).

Even if the denial of coverage were to remain a question of fact, Plaintiff cannot succeed on his claim under Chapter 541 of the Texas Insurance Code because the summary judgment evidence and briefing establish that there are no damages alleged other than the wrongful denial of policy benefits (Dkt. #33, Exhibit 2 at 57-1-9, 58:2-12, 58:14-20).[3] Thus State Farm is entitled to summary judgment on Plaintiff's claims under the Texas Insurance Code.

## CONCLUSION

It is therefore **ORDERED** that Defendant State Farm Lloyds' Motion for Summary Judgment (Dkt. #33) is hereby **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Plaintiff take nothing by his statutory bad faith claims under the Texas Insurance Code, and those claims are hereby **DISMISSED** with prejudice.

Only Plaintiff's breach of contract claim, his breach of the common law duty of good faith and fair dealing, and his Prompt Payment of Claims allegation under the Texas Insurance Code should proceed to trial.

**SIGNED this 26th day of February, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[3] In Plaintiff's Amended Complaint, he included in his damages under the Texas Insurance Code, Unfair Settlement Practices, damages for mental anguish. However, Plaintiff has not presented any credible evidence of any emotional damages in his summary judgment briefing, and thus, the Court finds that the only damages incurred from those allegations were damages from the wrongful denial of Plaintiff's policy benefits, and do not constitute an independent injury. (*See* Dkt. #33, Exhibit 2 at 58:9-12) ("Q: Have you suffered any emotional distress as a result of the manner in which the insurance claim was handled by State Farm? A: Not particularly.").